UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERTO CORDOVA-ESPINOZA,

    Petitioner,

v.                                      CASE NO: 8:08-CV-1168-T-30TBM
                                            Crim. Case No: 8:06-CR-390-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1), the United States' Response in Opposition to Petitioner's Motion (CV Dkt. #4) and Petitioner's Response to the Government's Response in Opposition to Motion (CV Dkt #5). Having considered the motion and responses, and being otherwise fully advised, the Court finds that the Petitioner's Motion should be denied without an evidentiary hearing because the record demonstrates that Petitioner is not entitled to relief under §2255.

## BACKGROUND

Petitioner, Roberto Cordova-Espinoza (hereinafter referred to as "Petitioner" or "Espinoza"), pled guilty to both counts of his indictment: possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute, in violation of 46 App.

U.S.C. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). The Court sentenced Espinoza to 135 months in prison, followed by 60 months of supervised release, with judgment entered on March 29, 2007. He directly appealed the final judgment, challenging his sentence as unreasonable and arguing that the Court erred in denying him a minor-role reduction. See Appellant's Initial Brief, United States v. Cordova-Espinoza, No. 07-11580, 2007 WL 2210771 (11th Cir. July 12, 2007). The Eleventh Circuit affirmed Espinoza's sentence on October 31, 2007. United States v. Cordova-Espinoza, No. 07-11580, 252 Fed. Appx. 947, 2007 WL 3193167 (11th Cir. Oct. 31, 2007).

On June 16, 2008, Espinoza filed this timely §2255 petition, asserting that he had ineffective assistance of counsel because his attorney: (1) advised him to enter a guilty plea without a plea agreement; and (2) failed to move the Court at sentencing to depart downward from the sentencing guidelines, based on Petitioner's agreement to be deported and the fact that he was an alien not entitled to certain imprisonment conditions, such as a halfway house or minimum security prison.

**STANDARD OF REVIEW**

Title 28 U.S.C. §2255 gives a federal prisoner the right to challenge his imprisonment if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Espinoza attacks his sentence on the grounds that he received ineffective assistance of counsel, claiming that this rendered his guilty plea involuntary and violated his right to due process. See Strickland v. Washington, 466 U.S. 668, 686 (1984). To prove counsel constitutionally ineffective, the petitioner bears the burden of proving (1) that his attorney's performance was objectively unreasonable and (2) that the defendant was prejudiced by that deficient performance. Id. at 687-88. Judicial scrutiny of attorneys' performance is highly deferential and there is a "strong presumption that counsel's conduct falls within the wide range of professional norms." Id. at 689. An attorney acts unreasonably by not presenting mitigating evidence during sentencing if a reasonable investigation should have uncovered the evidence, the counsel's failure to present the evidence was an oversight rather than a tactical choice, and the defendant suffered prejudice as a result. Middleton v. Duger, 849 F.2d 491, 493 (11th Cir. 1988).

## DISCUSSION

Petitioner argues his counsel was ineffective on two main grounds. First, he claims that counsel unreasonably advised him to enter a guilty plea without a plea agreement, claiming "no competent attorney" would so advise her client. (CV Dkt #1 at 7) Petitioner's first argument is without merit because counsel's advice to enter a guilty plea without a written plea agreement "might be considered sound trial strategy," Michel v. State of Louisiana, 350 U.S. 91, 101 (1955). Pleading in this manner preserved more of Petitioner's appellate rights than a government plea agreement, which generally includes a blanket appellate waiver. (CV Dkt. #4 at 5, fn 3)

Petitioner claims that he "would have gone to trial" if he had "known that plea[d]ing guilty without a plea agreement may waive any rights on appeal." In his reply to the Government's response, he clarifies this to mean he did not understand that he was waiving his right to contest his guilt. This claim is contradicted by the record. The Court informed Espinoza that a guilty plea would both waive his right to a trial and constitute an agreement not to contest the charges, and Espinoza was determined to have entered the plea knowingly and voluntarily. (CR Dkt. #79); see United States v. Timmreck, 441 U.S. 780 (1979) (omission in Rule 11 plea procedure must be "miscarriage of justice" to be grounds for collateral attack). Petitioner did not waive other appellate rights and he did directly challenge his sentence on appeal.

Petitioner secondly claims that counsel unreasonably failed to move the court to depart downward from the sentencing guidelines based on his agreement to be deported and the consequences of his alien status on his imprisonment. Petitioner's second claim also lacks merit. The Eleventh Circuit has held that a defendant's agreement to be deported may be grounds for downward departure only if the defendant has raised a non-frivolous defense to deportation, which he has in turn agreed to waive. U.S. v. Mignott, 184 F.3d 1288, 1291 (11th Cir. 1999). Petitioner has not shown a possible defense to deportation that would make his agreement to be deported a meaningful concession. Id. He also has not made any showing that a reasonable investigation by his counsel should have uncovered evidence of such a defense. See Middleton, 849 F.2d at 493. The Eleventh Circuit has also held that a defendant's status as an alien does not warrant a downward reduction from the sentencing

guidelines. See United States v. Canpaz, 276 Fed. Appx. 878, 881 (11th Cir. 2007); United States v. Veloza, 83 F.3d 380, 382 (11th Cir. 1996), overruled on other grounds United States v. Campbell, 181 F.3d 1263 (11th Cir. 1999). Controlling law therefore demonstrates that Petitioner was not prejudiced by his counsel's failure to move for a downward departure on these grounds, as there is no reasonable probability that such a motion would have caused the Court to change its sentence.

## **CONCLUSION**

Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, the Court finds that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. §2255.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.# 100, in the underlying criminal case, case number 8:06-CR-390-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on May 14, 2009.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-1168.deny 2255.wpd